UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MARGO LEONFORTE, individually, and as parent and next friend of ROGER LEONFORTE,
Plaintiffs,

v.

REGIONAL SCHOOL UNIT 19,
MARY NADEAU, in her individual and official capacity,
and MICHAEL HAMMER, in his individual and official capacity,
Defendants.

Civil Action No. _____

**COMPLAINT AND JURY DEMAND**

Plaintiffs, proceeding pro se, allege as follows:

## INTRODUCTION

1. This is a civil rights action arising from Defendants' discrimination, retaliation, and deliberate indifference that deprived Plaintiffs of constitutional, statutory, and educational rights.

2. Plaintiff Margo Leonforte, a teacher employed by RSU 19, was retaliated against, undermined, and ultimately forced to resign after advocating for her son, Roger. As a result of Defendants' actions, she developed severe anxiety constituting a disability under

the Americans with Disabilities Act ("ADA").

3. Plaintiff Roger Leonforte, an accomplished student-athlete, was indefinitely removed from school without due process following a fight on April 11, 2025. He was marked absent, denied educational services, and failed the semester. As a result, he has been left academically behind and is now struggling to regain eligibility for varsity sports his senior year, disrupting his athletic career and causing ongoing harm to his future opportunities.

4. Defendants' conduct violated the Americans with Disabilities Act, Title IX of the Education Amendments of 1972, and the Fourteenth Amendment's Due Process and Equal Protection Clauses.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under federal law, including 42 U.S.C. § 1983, the Americans with Disabilities Act, and Title IX of the Education Amendments of 1972.

6. Venue is proper in this District under 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in Penobscot County, Maine.

**PARTIES**

7. Plaintiff Margo Leonforte is a resident of Maine and was employed by RSU 19 as a teacher.

8. Plaintiff Roger Leonforte is Margo's minor son, a student formerly enrolled at Nokomis Regional High School in RSU 19.

9. Defendant Regional School Unit 19 ("RSU 19") is a public school district organized under the laws of Maine and receiving federal funds.

10. Defendant Mary Nadeau was, at all relevant times, Principal of Nokomis Regional High School. She is sued in her individual and official capacities.

11. Defendant Michael Hammer was, at all relevant times, Superintendent of RSU 19. He is sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

12. On April 11, 2025, Plaintiff Roger Leonforte was involved in a physical altercation with another male student who was known for a pattern of misconduct and harassment.

13. Following the fight, rather than providing due process or investigating the underlying circumstances, Defendants indefinitely removed Roger from school. He was marked absent daily, denied instruction, and failed the semester.

14. On April 14, 2025, Defendants were placed on actual notice when Plaintiffs raised concerns and a female student disclosed abuse directly. Despite this notice, Defendants failed to initiate a Title IX investigation, failed to provide supportive measures, and instead treated the male student as the victim.

15. Administrators further silenced students by warning the female student not to speak about the matter and threatening other students with expulsion if they confronted the male student.

16. Plaintiff Leonforte also received a threatening message from a community member after the incident, and Superintendent Hammer later stated he already had two school board members "on board" with expulsion.

17. In March 2025, Principal Nadeau praised Plaintiff Leonforte in her performance review, recommending her for another contract and commending her as having the "secret sauce"

for teaching difficult students. She also praised her willingness to be versatile with her varied skill set, and discussed possible future placement in the district's Alternative Education program. Only weeks later, however, she was labeled "not professional" and "not profitable" and forced to resign.

18. As a result of Defendants' retaliation and indifference, Plaintiff Leonforte developed severe anxiety that has left her unable to work and substantially limited her major life activities.

19. Roger, a decorated all-conference, all-region, first-team varsity athlete, has been left academically behind and struggling to regain eligibility for varsity sports his senior year. As a result of Defendants' actions, he has been deprived of his academic progress, disrupted in his athletic career, and faces ongoing harm to his future opportunities.

20. Defendants' conduct has devastated Plaintiffs and their family, causing loss of income, loss of educational and athletic opportunities, reputational harm, emotional trauma, and ongoing hardship. The harm extended to the Leonforte household as a whole, including financial loss to Plaintiff Leonforte's husband and disruption to her younger son's education and stability.

## COUNT I – VIOLATION OF THE ADA (42 U.S.C. § 12101 et seq.)

21. Plaintiff Leonforte realleges the foregoing paragraphs.

22. As a direct result of Defendants' dismissals, hostility, and forced resignation, Plaintiff Leonforte developed severe anxiety substantially limiting her ability to work, concentrate, interact with others, and care for herself.

23. Plaintiff Leonforte is therefore an individual with a disability within the meaning of the ADA.

24. Defendants were aware that Plaintiff Leonforte lived in poverty and that her employment was essential to her family's survival. Despite this knowledge, they dismissed her concerns, undermined her professional standing, and forced her resignation.

25. Defendants also retaliated against Plaintiff Leonforte for engaging in protected activity, including advocating for her son's education and raising concerns about sexual harassment.

26. By these actions, Defendants violated the ADA.

## COUNT II – VIOLATION OF TITLE IX (20 U.S.C. § 1681 et seq.)

27. Plaintiffs reallege the foregoing paragraphs.

28. Title IX prohibits discrimination on the basis of sex and requires schools to respond effectively to reports of harassment or assault.

29. On April 14, 2025, Defendants received actual notice of allegations that the male student involved in the altercation had engaged in harassment and abuse of a female student.

30. Despite this notice, Defendants failed to investigate, failed to provide supportive measures, and instead treated the male student as the victim.

31. By dismissing and minimizing these reports, Defendants actively undermined the discovery and investigation of confirmed allegations of sexual assault, in violation of their obligations under Title IX.

32. Defendants silenced the female student, threatened other students with expulsion, and retaliated against Plaintiffs by removing Roger from school and forcing Plaintiff Leonforte's resignation.

33. By this deliberate indifference and retaliation, Defendants created a hostile environment and denied Plaintiffs equal access to education.

## COUNT III – VIOLATION OF THE FOURTEENTH AMENDMENT – DUE PROCESS (42 U.S.C. § 1983)

34. Plaintiffs reallege the foregoing paragraphs.

35. Public education is a constitutionally protected property interest.

36. On April 11, 2025, Roger was indefinitely removed without notice, hearing, or opportunity to be heard.

37. He was marked absent daily, denied educational services, failed his semester, and was left behind academically and athletically, struggling to regain eligibility for varsity sports his senior year.

38. By depriving Roger of his educational rights without due process, Defendants violated the Fourteenth Amendment.

## COUNT IV – VIOLATION OF THE FOURTEENTH AMENDMENT – EQUAL PROTECTION (42 U.S.C. § 1983)

39. Plaintiffs reallege the foregoing paragraphs.

40. The Equal Protection Clause of the Fourteenth Amendment prohibits state actors from treating individuals differently without a legitimate basis.

41. Plaintiff Leonforte was subjected to adverse treatment by Defendants not because of her performance, but because of her status as an "outsider" without longstanding ties to the local community.

42. After the April 11, 2025 altercation, Plaintiff Leonforte received a threatening message from a community member. Superintendent Hammer later stated he already had two school board members "on board" with expulsion, showing that Defendants acted in concert with community pressure to remove Plaintiffs rather than provide due process.

43. Defendants acted on this pressure by undermining Plaintiff Leonforte, retaliating against her, and forcing her resignation, while portraying her departure as voluntary and for "personal reasons."

44. By treating Plaintiff Leonforte differently on the basis of her outsider status, Defendants violated the Equal Protection Clause of the Fourteenth Amendment.

45. As a proximate result of Defendants' conduct, Plaintiffs have suffered loss of employment, loss of educational opportunities, reputational harm, and severe emotional distress.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Declare that Defendants' conduct violated Plaintiffs' rights under the ADA, Title IX, and the Fourteenth Amendment;

2. Order Defendants to expunge Roger's disciplinary records;

3. Order Defendants to restore Roger's junior-year credits and academic standing for the semester he was unlawfully denied education;

4. Order Defendants to issue a written public statement correcting the record regarding Plaintiff Leonforte's resignation and Roger's disciplinary status, acknowledging that both were the result of Defendants' unlawful conduct;

5. Award compensatory damages for lost educational and athletic opportunities, lost wages, emotional distress, reputational harm, and the burden placed on Plaintiffs to repair

   Defendants' harm;

6. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

7. Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

Dated: *Aug. 29*, 2025

*/s/ Margo Leonforte*
Margo Leonforte
Plaintiff, pro se
204 Sherwood Avenue
Copperas Cove, TX 76522
margoleonforte@example.com
(207) 717-9306