UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MARGO LEONFORTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  1:25-cv-00441-SDN |
| REGIONAL SCHOOL | ) |
| UNIT 19, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**ORDER DENYING OBJECTION TO MAGISTRATE JUDGE'S ORDER**

On September 2, 2025, pro se Plaintiff Margo Leonforte filed this civil suit on behalf of herself and her minor son against Defendants Regional School Unit 19, the Principal of Nokomis Regional High School, and the Superintendent of the School Unit. ECF No. 1. Accompanying the complaint was a motion to proceed in forma pauperis ("IFP"). ECF No. 3. In her initial IFP application, Ms. Leonforte represented to the Court that she had $5,500 in a checking or savings account and two homes worth $400,000. *See id*. at 2. The Magistrate Judge subsequently denied her motion to proceed IFP, finding that she had "not demonstrated an inability to pay the costs of this litigation." ECF No. 7.

On September 26, 2025, Ms. Leonforte filed a motion for reconsideration of the Magistrate Judge's order and attached additional documentation in support of her application. ECF No. 12. The Magistrate Judge denied her motion for reconsideration, finding that she now "presents a completely different picture of her financial circumstances than the one she attested to in her IFP application." ECF No. 13. Because of the inconsistencies in her representations to the Court, the

1

Magistrate Judge found that the Plaintiff "do[es] not convince me that she cannot afford to pay the costs of this litigation without forgoing the necessities of life, particularly where she owns two houses and still has almost $3,000 in the bank." *Id*. On October 14, 2025, Ms. Leonforte filed the instant appeal to the Magistrate Judge's second denial. ECF No. 14.

Federal Rule of Civil Procedure 72(a) provides that "[t]he district judge in the case must consider timely objections [to a magistrate judge's order] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The Court construes Ms. Leonforte's "appeal" as a timely objection to the Magistrate Judge's order.

Federal Rule of Civil Procedure 72(b)(2) requires that the objecting party "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). It is not evident to the Court that Ms. Leonforte followed this prescription. Her objection, ECF No. 14, does not point to specific issues with the Magistrate Judge's decision, which was largely predicated on inconsistencies in Plaintiff's affidavits. *See* ECF No. 13 ("The Plaintiff's inconsistent representations do not convince me that she cannot afford to pay the costs of this litigation . . . ."); *see also Doyle v. Babine*, No. 2:19-CV-00469, 2021 WL 3234595, at *1 (D. Me. July 29, 2021) (denying a plaintiff's IFP objection because "he does not make 'specific written objections' to the Magistrate Judge's Recommended Decision as required by Federal Rule of Civil Procedure 72(b)(2)").

Maine Local Rule 72(d) further provides "a party may not add to the record any documents, materials, exhibits, or evidence not submitted to the magistrate judge, except as allowed by the district judge." D. Me. Loc. R. 72(d). The objection attaches financial documentation which was not provided to the Magistrate Judge in the initial motion for

reconsideration. *Compare* ECF No. 14-1, *with* ECF No. 12-2. The Magistrate Judge was constrained to making her decision based on the documents before her. Upon that record, it was not erroneous for the Magistrate Judge to consider Ms. Leonforte's financial situation and the inconsistencies in her application and determine that she is able to pay the filing fee without forgoing the basic necessities of life.

Even if the Court were to consider the new financial documents in Ms. Leonforte's objection, it does not appear that the Magistrate Judge's decision rises to the level of being contrary to the law or clearly erroneous. Although the Court acknowledges that Ms. Leonforte currently is experiencing a sudden shift in her financial situation, she owns two homes, one of which was given to her family as a gift and for which she "do[es] not pay rent or a mortgage." ECF No. 14 at 1. Moreover, her husband currently is working, she has filed for federal disability benefits, and her teaching contract was paid out until the end of this past school year. *Id*.

Accordingly, the Magistrate Judge's second denial, ECF No. 13, of Ms. Leonforte's motion to proceed in forma pauperis is **AFFIRMED**. Ms. Leonforte's objection to the Magistrate Judge's order is **DENIED**. ECF No. 14. The Plaintiff is **ORDERED** to pay this Court's filing fee by November 12, 2025, failing which her case will be dismissed without further notice.

**SO ORDERED.**

Dated this 5th day of November, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

3