UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARGO LEONFORTE, | ) |
|        Plaintiff | ) |
| v. | )    No. 1:25-cv-00441-SDN |
| REGIONAL SCHOOL UNIT 19 et al., | ) |
|        Defendants | ) |

**ORDER**

Proceeding pro se, Margo Leonforte filed a complaint on behalf of herself and her minor son asserting Americans with Disabilities Act, Title IX, and Fourteenth Amendment claims against Regional School Unit 19 (RSU 19), RSU 19 Superintendent Michael Hammer, and Principal of Nokomis Regional High School Mary Nadeau. *See* Complaint (ECF No. 1). Leonforte moves for the appointment of a guardian ad litem (GAL) to represent the interests of her son pursuant to Fed. R. Civ. P. 17(c) and for the appointment of pro bono counsel for her son pursuant to 28 U.S.C. § 1915(e)(1). *See* Motion (ECF No. 4).

Rule 17(c)(1) provides that certain "representatives"—including "a general guardian"—"may sue . . . on behalf of a minor . . . person." If a minor does not have such a representative, Rule 17(c)(2) provides that the minor "may sue by a next friend or by a [GAL]" and requires courts to "appoint a [GAL]—or issue another appropriate order—to protect a minor . . . person who is unrepresented in an action."

1

Seizing on the "unrepresented" language of Rule 17(c)(2), Leonforte asserts that a GAL must be appointed because her son is a minor without counsel. *See* Motion at 1-2. Leonforte, however, misapprehends Rule 17(c)(2), which only requires the appointment of a GAL if a minor has no one who may sue on his behalf. Here, Leonforte, as a parent, qualifies as a general guardian who may sue on her son's behalf, so there is no need to appoint a GAL. *See Communities for Equity v. Mich. High Sch. Athletic Ass'n*, 26 F. Supp. 2d 1001, 1006 (W.D. Mich. 1998) (Rule 17(c) "provides that a general guardian may sue on behalf of a minor. A parent is a guardian who may so sue.").

Leonforte is right, though, that she may not act as legal counsel for her son. *See* Motion at 2; *N.S. v. Dobson*, No. 22-cv-40015-DHH, 2023 WL 8188772, at *2 (D. Mass. Jan. 26, 2023) ("Rule 17 cannot be read as authorizing the unlicensed practice of law. . . . [T]here is an important distinction between . . . who, under Rule 17(c)(2), 'may sue' on behalf of a minor . . . and counsel who actively litigates on a minor's behalf."); *Ethan H. v. New Hampshire*, No. 92-1098, 1992 WL 167299, at *1 (1st Cir. July 21, 1992) (holding that a mother, acting pro se, could not litigate on behalf of her son); *Hootstein v. Amherst-Pelham Reg'l Sch. Comm.*, 361 F. Supp. 3d 94, 102 (D. Mass. 2019) (holding that courts are "bound by the rule prohibiting a lay guardian from representing a minor" despite "the potential unfairness of the rule"). That leaves the question, then, of whether Leonforte's son is entitled to the appointment of pro bono counsel.

28 U.S.C. § 1915(e)(1) provides that the "court may request an attorney to represent any person unable to afford counsel." Leonforte asserts in her motion that she "is indigent" and "cannot afford private counsel." Motion at 2. For the same reasons I denied Leonforte's application to proceed *in forma pauperis*, *see* ECF Nos. 7, 13, 15, I am not convinced that she is unable to afford a lawyer for her son. Even setting financial qualification issues aside, however, the Court can only request an attorney's pro bono assistance and given that, by Leonforte's own account, nine law firms have already declined to represent her and her son in this matter, *see* Motion at 2, there is no reason to believe such a request would be fruitful, *see Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007) ("Although the court is authorized to request a lawyer to represent an indigent [litigant] under 28 U.S.C. § 1915(e)(1), there are no funds to pay a lawyer or even to reimburse a lawyer's expenses. As a result, such appointments occur very rarely, being saved for cases that appear to have some chance of success." (footnote omitted)).

For all these reasons, Leonforte's motion is **DENIED**. Leonforte is **ORDERED** to secure a duly licensed attorney to appear and represent her son by February 3, 2026, failing which I will recommend that the claims she brings on her son's behalf be dismissed.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

***Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.***

Dated: December 5, 2025

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge
